UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>KATRINA DORSEY, )<br>    Defendant. )<br> ) | Cause No. 4:14-CR-00036-CDP-TCM |

**DEFENDANT KATRINA DORSEY'S SENTENCING MEMORANDUM**

COMES NOW Brent E. Labovitz on behalf of Defendant, Katrina Dorsey, and respectfully submits the following information for purposes of sentencing mitigation and downward departure/variance pursuant to Rule 32 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3553.

**OPENING COMMENTS**

Defendant Katrina Dorsey is a 32 year old female, who lives in Chicago, Illinois. She is now before this Court for sentencing on September 10, 2014. The Defendant pled guilty to the charges of (1) Conspiracy to Commit Offenses Against the United States, which is a violation of 18 U.S.C. § 371; (2) Possession of 15 or More Unauthorized Access Devices, which is a violation of 18 U.S.C. § 1029(a)(3); and (3) Interstate Transportation of Counterfeit Securities, which is a violation of 18 U.S.C. § 2314.

**Plea Agreement**

In the plea agreement, the parties agreed that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) and Defendant has notified the Government of her intent to request such a variance in accordance with he provisions of 18 U.S.C. § 3553 or any provisions of rule of law. However the parties acknowledge that this court is not a party to nor bound by the Guidelines recommendations agreed to by the parties in the Plea Agreement.

**Pre-Sentence Report**

**I.        Calculation in PSR**

In the Pre-Sentence Report (PSR), United States Probation Officer Suzann Cross calculated a base offense level of 6 pursuant to USSG § 2B1.1(a)(2).  It was further noted that pursuant to USSG § 2B1.1(b)(1)(E) 8 levels were added since the total loss calculated exceeded $70,000.00.  Another 2 levels were added by the probation officer pursuant to USSG § 2B1.1(b)(10)(c) indicating that the offense involved sophisticated means.  Another 2 levels were added since the offense involved an authentication feature pursuant to § 2B1.1(b)(11)(A)(ii).  This would result in an adjusted offense level of 18.

The PSR then indicates that the Defendant also clearly demonstrated acceptance of responsibility for the offense and has assisted authorities in the investigation or prosecution of Defendant's own misconduct thereby decreasing the offense level by 2 levels pursuant to USSG § 3E1.1(a) and § 3E1.1(b), arriving at the Total Offense Level of 16.

It should be noted that the Defendant is only receiving a 2 level deduction under USSG § 3E1.1(a) and (b), and not a 3 level deduction because Defendant is arguing for a minor role adjustment pursuant to USSG § 3B1.2(B).  Defendant brings this to the Court's attention because if the Court does not agree to give the Defendant a 2 level deduction for a minor role then the Court should address the issue of whether the Defendant should receive a 3 level deduction under USSG §3E1.1(b).

**II.       Defendant's Objections to PSR**

Defendant previously filed an objection to the Presentence Investigation Report.  Defendant first objected the PSR's application of a two level enhancement pursuant to USSG § 2B1.1(b)(10)(c) which adds a 2 level increase if the offense involved a "sophisticated means."  Probation Officer Cross believes that the instant offense involves sophisticated means because "the defendants in the scheme had knowledge of the protocol needed to override Targets' security system in order to allow the acceptance of the falsely made securities as genuine."  (PSR, ¶ 26).  This alleged "knowledge" that defendants possessed is not in and of itself a sophisticated means.  The sophisticated means exception only applies when the offense conduct, viewed as a whole, was "notably more intricate than that of the garden-variety [offense]."  *United States v. Hance*, 501 F.3d 900, 909 (8th Cir. 2007).  Sophistication requires more than the

concealment or the complexities inherent in any fraud.  *United States v. Montono*, 250 F.3d 709, 715 (9th Cir. 2001).

In the case at hand there was nothing extremely complex about the scheme.  In evaluating whether or not the underlying activity is more complex or intricate than ordinary fraud offenses, courts have held that a sentencing court can make this decision by looking at the intricacy of planning and of conduct as compared with similar offenses.  The kind of misrepresentation and concealment that occurred in this case, including attempts to convince Target employees of the validity of securities are not any more complex or intricate then any standard fraud case.  *See, United States v. Adepoju*, 2014 WL2809014, *7 (4th Cir. June 23, 2014)(Adepoju's use of forged checks and stolen identification to wrongfully acquire money does not amount to sophistication); *United States v. Archuletta,* 231 F.3d 682, 685-86 (10th Cir. 2000)(defendant's use of a false name and checks to obtain funds from a credit union constitutes nothing more than ordinary fraud); *Hance*, 501 F.3d at 911 (renting a post office box under an assumed name for the purpose of mailing false letters and testimonials "lacks level of intricacy, deliberation or complexity" to warrant enhancement for sophisticated means).

In the case at hand the Defendant's merely told target employees how to process a check if it was being rejected.  The fact that particular Defendants had knowledge of how to process a check at the cash register if it was not processing does not make the scheme extremely complex or intricate.  Simply possessing the knowledge of how to process a rejected check does not make this a sophisticated case.  Ms. Dorsey objects to the 2 level enhancement for sophisticated means under § 2B1.1(b)(10)(C) because defendants' conduct was not especially complex or intricate behavior above and beyond that inherent in any fraud case.

Defendant Dorsey also objected to the PSR calculation of the amount of loss in this case.  Probation Officer Cross assigns a value of $500.00 to each gift card under § 2B1.1 cmt. N. 3(F)(i).  Probation officer Cross calculates the loss pertaining to the thirty-eight gift cards as $19,000.00.

The $500.00 default rule per access device defined in § 2B1.1, applies to credit or debit cards where the limit is open-ended.  However, in this case, the thirty-eight gift cards all have specific values, negating the presumption contained in the guidelines commentary.  The proper value of the unauthorized gift cards should be the loss that would have occurred if they had been used.  *See State v. Davis,* 329 F.Supp.2d 560 (S.D.N.Y. 2004)(the value of stolen checks

3

possessed by defendant was the loss that would have occurred if the checks had been cashed). Defendant believes in the case at hand the face value of the gift cards is $3,400.00. This would bring the total intended loss to $76,575.00, as opposed to the loss figure of $92,125.00 as calculated by the probation officer.

### III. Ms. Dorsey Should Receive a 2 Level Deduction Pursuant to §3B1.2(b) Because She Was a Minor Participant in the Criminal Activity.

In the case at hand, Ms. Dorsey contends that she should receive a 2 level deduction pursuant to § 3B1.2(b) because she was a minor participant in the criminal activity. There is no evidence that Ms. Dorsey had any knowledge of how these checks were made. Ms. Dorsey also had less checks in her name than many of the named co-defendants. Ms. Dorsey admits that she was in possession of fraudulent checks however beyond the mere possession of the checks Ms. Dorsey did not play a major role. Based on the fact that there is no evidence to support that Ms. Dorsey had nothing to do with the manufacturing of these checks, and based on the fact that Ms. Dorsey had her name associated with fewer checks, she is requesting the court to deduct 2 levels from her total offense level.

### SENTENCING CONSIDERATIONS

In considering a sentence the Court must also turn to the Section 3553(a) factors. The Court must recognize that the sentencing guidelines are to be given no more or less weight than any other factor. *See* United States v. Jaber, 362 F. Supp. 2d 365, 370-76 (D.Mass.2005).

The mandate of 18 U.S.C. §3553(a) is, of course, for the Court to "*impose a sentence sufficient, but not greater than necessary, to comply*" with the purposes of sentencing set forth in the second paragraph of that same statute. In Rita, 551 U.S. at 347-348, the Court summarized the now often-cited sentencing factors listed in §3553(a): the "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution." *See also* United States v. Hunt , 459 F.3d 1180, 1182 (11th Cir. 2006).

4

**IMPOSITION OF SENTENCE**

I. **Section 3553(a) Sentencing Factors as Applied to Ms. Dorsey**

In the case at hand this Court should consider §3553(a) factors, particularly the factors relating to the nature and circumstances of her home life and the history and characteristics of Ms. Dorsey. After considering these factors the Court will see that a downward variance is justified in this case.

i. **Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant.**

a. *The Nature of the Offense*

The PSR correctly sets forth the nature of the offense as agreed to by the parties in the Plea Agreement. The Defendant is not trying to downplay the seriousness of the offense but points out that the total amount of restitution owed in this case is below $3,000.00. The current offense is not a violent offense. This is offense merely involved the passing of fake checks. I believe when based on a scale of the seriousness of other offenses this offense does not tip the scale.

b. *Ms. Katrina Dorsey's Personal History*

Katrina Dorsey was born in Chicago, Illinois on June 16, 1982, and grew up in a family of modest means. Ms. Dorsey is currently the mother of three minor children. All three children live with Ms. Dorsey in Chicago. Ms. Dorsey does not receive child support from any of the minor children's' fathers. She is the sole provider for these children. It is important for the Court to know that Ms. Dorsey currently resides in government assisted housing and receives food stamps. This is Ms. Dorsey's sole income to provide for her children.

It is due to these difficult conditions that Ms. Dorsey is now in this current situation. Ms. Dorsey does not blame anyone but herself for her current legal situation, however, Ms. Dorsey's poor financial situation played a huge factor in the decisions she made during this crime. The stress of trying to support three minor children with no income caused Ms. Dorsey to make decisions that she would not otherwise make. This is evidenced by the fact that Ms. Dorsey has absolutely no prior criminal history.

If Ms. Dorsey was sentenced to prison time rather then being placed on probation the effect it would have on her minor children would be tremendous. This is evidenced by the letters

of support that attached to this sentencing memorandum.  Ms. Dorsey requests that the court take these factors into consideration when determining an appropriate sentence.

### ii. Section 3553(a)(3) and 3553(a)(4):  The kinds of sentences available; and the Sentencing Guidelines.

#### a. *The Kinds of Sentences Available to the Court*

In this case Mrs. Dorsey's offense level and criminal history category place her in Zone C of the Federal Sentencing Guidelines Manual.  The Defendant recognizes that the sentencing guidelines do not allow for her to be placed on probation, however the offense Ms. Dorsey has pled guilty to is a probational offense according to 18 U.S.C. §3561.

It is clear the Court has discretion to place Ms. Dorsey on probation based on 18 U.S.C. §3561.  Because the offense is a felony the statute requires that one of the following be imposed as a condition of probation: a fine, restitution, or community service, except where there are extraordinary circumstances.  For a felony the authorized term of probation is at least one year but not greater than five years.

Under §3553(a)(3), the Court must consider the availability of this option in determining the proper sentence in this case.

#### b. *The Sentencing Guidelines*

The pre-sentence investigation report determines that Ms. Dorsey's sentencing guidelines range as 21-27 months imprisonment based on an offense level of 16 and a criminal history category of I.  **PSR ¶79**.

However, Defense Counsel believes that Ms. Dorsey should have a total offense level of 12 if the Court accepts the Defendant's arguments.  This would place Ms. Dorsey's guideline range of 10-16 months.

## II. The Minimally-Sufficient Sentence in this Case

As discussed above, <u>Booker</u> and 18 U.S.C. §3553(a)'s parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment.

Here, it is respectfully submitted that a **sentence of no more than five (5) years probation is sufficient** to achieve the goals of punishment, deterrence and respect for the law. Based on Ms. Dorsey's actual relevant conduct in this case we feel that this is a fair and just sentence.

Justice is certainly served by either of these sentences. Mrs. Dorsey recognizes the seriousness of her offense and the resulting harm; she is not attempting to avoid this reality. Accordingly, the proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation. Specific deterrence and incapacitation are served by said sentences. General deterrence is amply served by the proposed sentence as well as by the many collateral consequences this case has had for Ms. Dorsey. The proposed sentences will further solidify Ms. Dorsey's respect for the law.

In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation or rehabilitation. Respectfully, it would not in this case. Ms. Dorsey recognizes that she has brought much of this upon herself. But the punishment is no less real for being self-inflicted, and that is what matters in assessing the need for additional judicial punishment.

### III.  Conclusion

Based on the above, the Defendant respectfully requests that this Court impose a downward variance from the Sentencing Guideline range. A proper and just sentence in this case would be a **sentence of no more than five (5) years probation** to achieve the goals of punishment, deterrence and respect for the law. Based on Dorsey's actual relevant conduct in this case we feel that this is a fair and just sentence.

We respectfully submit that this sentence is sufficient but not greater than necessary to achieve the sentencing objectives as set out in USSC 3553(a).

Respectfully submitted,

DEFEO & KOLKER, LLC

        /s/ *Brent Labovitz*
Brent E. Labovitz, No. 61468MO
7700 Bonhomme Ave., Suite 350
Clayton, Missouri 63105
Telephone: (314) 726-1300
Facsimile: (314) 727-8529
*Attorney for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Wednesday, September 3, 2014, the foregoing was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon Tracy Berry, Assistant United States Attorney, and Suzanne Cross, United States Probation Office at their address of record.

        /s/ *Brent Labovitz*
Brent E. Labovitz No. 61468MO